**DANA CORPORATION,**
Plaintiff–Appellant,

v.

**AMERICAN AXLE & MANUFACTUR-ING, INC., Defendant–Appellee.**

No. 01–1008.

United States Court of Appeals,
Federal Circuit.

Feb. 12, 2002.

R. Terrance Rader, Rader, Fishman & Grauer PLLC, of Bloomfield Hills, Michigan, argued for plaintiff-appellant. With him on the brief were Glenn E. Forbis, and Kristin L. Murphy.

Richard P. Vitek, Myers Bigel Sibley & Sajovec, P.A., of Raleigh, North Carolina, argued for defendant-appellee. With him on the brief was D. Randal Ayers. Of counsel was George D. Moustakas, Harness, Dickey & Pierce, of Troy, Michigan.

Before LOURIE, CLEVENGER, and GAJARSA, Circuit Judges.

LOURIE, Circuit Judge.

Dana Corporation appeals from the decision of the United States District Court for the Eastern District of Michigan granting American Axle & Manufacturing, Inc.'s ("AAM's") motion for summary judgment that U.S. Patents 5,643,093 and 5,637,042 are invalid under the public use and on-sale bars of 35 U.S.C. § 102(b). *Dana Corp. v. Am. Axle & Mfg., Inc.*, No. 98–74521, slip op. at 11 (E.D.Mich. Sept. 1, 2000) *("Dana")*. Because the district court erred in failing to construe the claims, apply them to the asserted prior invalidating acts, and evaluate whether there were genuine issues of material fact concerning the relationship between the alleged public use and sales and the properly construed claims, we vacate.

## BACKGROUND

Dana is the assignee of the '093 and '042 patents, which are directed to swaged vehicle driveshafts with a diameter reducing portion "having a substantially uniform wall thickness." The '093 patent application was filed on October 19, 1995, and therefore has a critical date of October 19, 1994. Claim 1 of the '093 patent is as follows:

1. A drive line assembly comprising:
a driveshaft tube formed from a metallic material and including a homogeneous diameter reducing portion *having a substantially uniform wall thickness* ....

'093 patent, col. 6, ll. 24–8 (emphasis added). Dependent claim 2 is directed to a driveshaft tube formed from an aluminum alloy. *Id.* at col. 6, ll. 47–8. Dependent claim 6 further modifies the drive line assembly of claim 1 as follows: "wherein said first diameter is about five inches and said second diameter is about four inches." *Id.* at col. 6, ll. 57–9.

The '042 patent application was filed on March 21, 1995 and therefore has a critical date of March 21, 1994. Claim 1 of that patent is as follows:

1. A drive line assembly comprising:
a driveshaft tube formed from a metallic material and *having a substantially uniform wall thickness,* said driveshaft tube terminating in an axially extending cylindrical end portion....

'042 patent, col. 4, ll. 63–7 (emphasis added). Independent claim 11 of the '042 patent is also directed to a driveline assembly "having a substantially uniform wall thickness." *Id.* at col. 6, ll. 1–3. Each of those independent claims is further modified by dependent claims directed to a driveshaft tube formed from an aluminum alloy, *id.* at col. 5, ll. 22–3 and col. 6, ll. 33–4, and a driveline assembly "wherein said first diameter is about five inches and said second diameter is about four inches," *id.* at col. 5, ll. 42–4 and col. 6, ll. 43–5.

Dana as well as AAM's predecessor, the Saginaw Division of General Motors, developed driveshafts prior to the critical dates. The designs of those driveshafts and their alleged public use and sales are in dispute. In particular, the parties dispute whether those designs were "butted," *i.e.,* whether they had a thickened end tube.

Dana sued AAM for infringement of claims 1–7 of the '093 patent and claims 1–19 of the '042 patent; AAM moved for summary judgment of invalidity based on Saginaw's and Dana's activities before the critical dates. The district court granted AAM's motion, stating that "the only claim at issue is whether the diameter of the reducing portion of the swaged ends has a 'substantially uniform wall thickness.'" *Dana* at 9. It determined that Saginaw's metal matrix composite ("MMC") driveshaft was offered for sale on February 7, 1992, in public use no later than 1993, and that General Motors officially awarded the business to Saginaw on September 30,

1993. *Id.* at 7–8. The court found that each of those activities occurred before the critical dates of both patents and therefore served as a basis for invalidating all of the claims under § 102(b). *Id.* at 8–10. The court also concluded that Dana's own activities constituted an on-sale bar, finding that Douglas Breese, Dana's employee, disclosed and offered a driveshaft for sale to General Motors on July 30, 1993, and that Breese's orders for tubing dated September 23, 1993, showed "a swaged end that is not butted." *Id.* at 10–11. Accordingly, the court granted AAM's motion for summary judgment of invalidity of all of the claims of the '093 and '042 patents. *Id.* at 11. Dana appealed; we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

## DISCUSSION

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). We review a district court's grant of a motion for summary judgment *de novo. Ethicon Endo–Surgery, Inc. v. United States Surgical Corp.,* 149 F.3d 1309, 1315, 47 USPQ2d 1272, 1275 (Fed.Cir.1998).

A patent is presumed to be valid, 35 U.S.C. § 282, and this presumption can only be overcome by clear and convincing evidence of facts to the contrary. Whether a patent is invalid for a public use or sale is a question of law based on underlying facts. *Intel Corp. v. Int'l Trade Comm'n,* 946 F.2d 821, 829, 20 USPQ2d 1161, 1169 (Fed.Cir.1991).

On appeal, Dana argues that the district court erred by not independently construing the claim limitations before invalidating all of the claims on the grounds of the alleged public use and sales. Although acknowledging that it never proposed any construction of the claim limitations other than "substantially uniform wall thickness," Dana states that it was never given an opportunity to do so in the hearing for summary judgment on invalidity. Dana also asserts that genuine issues of material fact exist as to whether the claim limitations are met by the products giving rise to the alleged bars.

AAM responds that the district court properly performed its duty to construe the claims by adopting Dana's proposed construction of the only disputed limitation, "substantially uniform wall thickness." AAM also asserts that Dana waived its right to assert additional differences between the products and the claimed invention by not raising them to the district court. In any event, AAM sets forth in its brief on appeal the alleged claim-by-claim correspondence of the invention with the subjects of the alleged bars.

We agree with Dana that the court erred in invalidating all of the claims without evaluating whether the subjects of the alleged bars met the limitations of those claims. Under 35 U.S.C. § 102(b) (1994), in relevant part, "A person shall be entitled to a patent unless ... the invention was in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States...." When the asserted basis of invalidity is a public use or on-sale bar, the court should determine "whether the subject of the barring activity met each of the limitations of the claim, and thus was an embodiment of the claimed invention." *Scaltech Inc. v. Retec/Tetra,*

*L.L.C.,* 178 F.3d 1378, 1383, 51 USPQ2d 1055, 1058 (Fed.Cir.1999).

In this case, the district court stated that "[t]he limitation at issue in independent claim 1 of [the '093 patent] and independent claims 1 and 11 of [the '042 patent] deals with the 'substantially uniform wall thickness' of a driveshaft tube as it reduces in diameter from larger to smaller." *Dana* at 2. Although it never explicitly construed that limitation, it determined that Breese's prototype constituted an on-sale bar because it appeared to have a "swaged end that is not butted." *Id.* at 11. Thus, the court appears to have adopted Dana's proffered construction of that limitation as meaning a driveshaft tube with a swaged end that is not butted, *i.e.,* not artificially thickened, but then held against Dana under its own proposed claim construction. Interestingly, AAM urged the court to adopt Dana's claim construction for purposes of the invalidity analysis. However, adoption by the court of a patentee's claim construction does not constitute a concession of the correctness of the court's application of those claims to the alleged invalidating acts.

■ In any event, a court may not invalidate the claims of a patent without construing the disputed limitations of the claims and applying them to the allegedly invalidating acts. *See Scaltech,* 178 F.3d at 1383, 51 USPQ2d at 1058 (emphasizing that the invalidating act must be within the scope of the claim). Otherwise, as in this case, the decision invalidating the patent becomes effectively unreviewable. Such evaluation must recognize the statutory presumption of validity and the need for facts supporting a conclusion of invalidity by clear and convincing evidence. Merely concluding that the Breese prototype appeared to have a "swaged end that is not butted" is not a claim construction at all, much less a full claim construction and application sufficient to overcome the pre-

sumption of validity of claims reciting "substantially uniform wall thickness" by clear and convincing evidence. In the absence of that claim construction, and the application of the claims to the alleged prior invalidating acts, summary judgment of invalidity was therefore wrongly granted.

■■ We also conclude that the court erred in invalidating all of the dependent claims without considering whether the subject matter of the alleged bars met the additional limitations of those claims. "Each claim of a patent (whether in independent, dependent, or multiple dependent form) shall be presumed valid independently of the validity of other claims; dependent or multiple dependent claims shall be presumed valid even though dependent upon an invalid claim." 35 U.S.C. § 282 (1994). Such an independent evaluation is necessary because dependent claims necessarily add limitations to the claims from which they depend and may therefore not be subject to the same asserted grounds of invalidity.

The court dismissed Dana's argument that AAM's motion was fatally flawed because it did not provide any claim analysis for any one of the twenty-six claims of the patents in suit, stating that "the only claim at issue is whether the diameter of the reducing portion of the swaged ends has a 'substantially uniform wall thickness.'" *Dana* at 8–9. The court apparently derived that belief from the arguments regarding infringement, for which evaluation of that one limitation of the independent claims could have been dispositive. Dana, however, specifically and correctly argued that the claims cannot be invalidated in a wholesale fashion, and the court thus erred in granting summary judgment to AAM without separately evaluating their validity.

■ Moreover, we do not accept AAM's *post hoc* presentation of a claim-by-claim correspondence with the subjects of the alleged bars in its appeal brief. The district court did not consider such differences because it erroneously concluded that those differences were not at issue. Thus, the court did not require AAM to show facts supporting the invalidity of the dependent claims by clear and convincing evidence. It also failed to consider Dana's arguments directed to the differences between the claims and the subjects of the alleged bars at the invalidity hearing.* We therefore vacate the court's grant of summary judgment. On remand, it should consider the parties' arguments concerning the invalidity of all of the claims, construe the relevant limitations of the claims, and evaluate if there are genuine issues of material fact as to whether those limitations are met by the subjects of the alleged bars, *i.e.*, by Dana's own activities or those of AAM.

We also note that the district court issued its decision prior to this court's decision in *Group One, Ltd. v. Hallmark Cards, Inc.*, 254 F.3d 1041, 59 USPQ2d 1121 (Fed.Cir.2001). In that case, we held that "[o]nly an offer which rises to the level of a commercial offer for sale, one which the other party could make into a binding contract by simple acceptance (assuming consideration), constitutes an offer for sale under § 102(b)." *Id.* at 1048, 254 F.3d 1041, 59 USPQ2d at 1126. On remand, the court should determine whether the allegedly barring offers for sale constituted commercial offers for sale under the standards articulated in *Group One*.

In addition, we call the district court's attention to the on-sale bar test set forth in *Pfaff v. Wells Elec., Inc.*, 525 U.S. 55, 67, 119 S.Ct. 304, 142 L.Ed.2d 261, 48 USPQ2d 1641, 1647 (1998), *viz.*, that the subjects of the alleged bars must have been "ready for patenting." The court, while citing *Pfaff,* erroneously invoked the "totality of the circumstances" test that was disavowed by *Pfaff. Dana* at 5; *see Pfaff* at 66 n. 11, 525 U.S. 55, 119 S.Ct. 304, 142 L.Ed.2d 261, 48 USPQ2d at 1646 n. 11.

Finally, it is not clear that the parties provided the district court with the necessary bases for its decision. We urge counsel on remand to focus the court on the appropriate evidence necessary for supporting or defeating the asserted grounds of invalidity. We have considered the parties' remaining arguments and find them unpersuasive.

## CONCLUSION

Because the district court erred in failing to fully construe and apply the "substantially uniform wall thickness" limitation and in failing to require AAM to demonstrate the invalidity of the dependent claims, the court did not properly evaluate whether there were genuine issues concerning the differences between the claims and the subjects of the alleged bars. We therefore vacate the court's grant of summary judgment and remand for further proceedings not inconsistent with this opinion.

*VACATED* and *REMANDED.*

---

\* Those arguments include, for example, AAM's alleged failure to show anticipation of the dependent claim limitations directed to an aluminum alloy and driveshaft that is reduced from a first diameter of "about five inches" to a second diameter of "about 4 inches."