**NORTH AMERICAN OIL COMPANY, INC., Plaintiff–Cross Appellant,**

v.

**STAR BRITE DISTRIBUTING, INC., Defendant–Appellant.**

Nos. 01–1575, 01–1576.

United States Court of Appeals, Federal Circuit.

Sept. 17, 2002.

Before MAYER, Chief Judge, LOURIE and LINN, Circuit Judges.

PER CURIAM.

Star Brite Distributing, Inc. ("Star Brite") appeals the judgment of the United States District Court for the Northern District of Georgia granting North American Oil Company, Inc.'s ("North American") motion for partial summary judgment that U.S. Patent No. 5,250,598 (the "'598 patent") is invalid for anticipation and obviousness and unenforceable for inequitable conduct. *N. Am. Oil Co., Inc. v. Star Brite Distrib., Inc.*, 148 F.Supp.2d 1351 (N.D.Ga.2001). North American cross-appeals the court's grant of Star Brite's motion for attorney's fees. *Id.* Because the district court improperly granted North American's motion for summary judgment of invalidity of the '598 patent under 35 U.S.C. §§ 102 and 103, and erroneously determined that the '598 patent was unenforceable for inequitable conduct, we vacate those portions of its judgment. However, because the district court did not abuse its discretion by excluding the expert opinions of Dr. Michael Rubner and Harry Manbeck, and imposing sanctions against North American, we affirm that part of the judgment. We *affirm-in-part, vacate-in-part* and *remand.*

■ 1. The court erred in invalidating claim 1 of the '598 patent as anticipated under section 102 without evaluating whether the alleged prior art satisfied all the limitations of the claim. The district court made no attempt to construe the claim limitations of independent claim 1 or dependent claims 2–9. It conducted a cursory analysis of the allegedly invalidating prior art and compared that analysis to the general concept of the '598 patent. The court stated that "[t]he submitted pages discuss vinyl chloride-acetate copolymers like VYHH–1 . . . ." It further stated that "Payne [Henry Fleming Payne, *Organic Coating Technology* (1954) ("Payne")] also notes that a vinyl chloride-acetate copolymer is the one most widely used in coatings," and that "the Payne work includes formulas that form a coating when air-

dried or baked." While the court did conduct an analysis of the allegedly invalidating prior art, that was not sufficient in view of its failure to construe the limitations of claim 1. Moreover, the court did not consider the required specific weight percentages of the claim limitations when analyzing and comparing the allegedly invalidating prior art. Finally, the court erred in considering that separate disclosures in different parts of a multiple volume treatise (Payne) can be combined to find anticipation and in considering that subject matter that is a trade secret can anticipate. Anticipation requires disclosure of all of the limitations of a claim in one place, not by combination of multiple disclosures. *Richardson v. Suzuki*, 868 F.2d 1226, 1236, 9 USPQ2d 1913, 1920 (Fed.Cir.1989). It also requires that any third party prior use constituting anticipation be public or at least accessible to the public. *Carella v. Starlight Archery*, 804 F.2d 135, 139, 231 USPQ 644, 646 (Fed. Cir.1986). In light of these deficiencies, summary judgment was improvidently granted, is vacated and the matter is remanded. *Dana Corp. v. Am. Axle & Mfg., Inc.*, 279 F.3d 1372, 1376, 61 USPQ2d 1609, 1611 (Fed.Cir.2002). Because dependent claims include additional limitations not found in the claims from which they depend, the district court also erred in invalidating dependent claims 2–9. The court should have determined whether the subject matter of the alleged anticipating prior art satisfied the additional limitations of those claims. *Id.* at 1376, 279 F.3d 1372, 61 USPQ2d at 1611.

■ 2. The district court's judgment that the '598 patent is obvious under section 103 is infirm for the same reasons as its invalidity determination under section 102. Additionally, when obviousness is based on multiple references, Payne, Union Carbide product brochures (describing the uses of vinyl resins and stabilizers), and MDR Liquid Lectric Tape and Whip-End Dip products, there must be a showing of some "teaching, suggestion, or reason" to combine the references. *Gambro Lundia AB v. Baxter Healthcare Corp.*, 110 F.3d 1573, 1579, 42 USPQ2d 1378, 1383 (Fed.Cir.1997). Neither the district court nor North American point to any suggestion in the Payne reference or any of the other cited art to combine the various elements to render the '598 patent obvious. Furthermore, there is no suggestion that one of ordinary skill in the art would know to combine these references. The court does not address the problem faced by Peter Dornau, Robert Russo, and Jeffrey Tieger (inventors of the '598 patent) or why a "skilled artisan, confronted with the same problems as the inventor and with no knowledge of the claimed invention, would select the elements from the cited prior art references for combination in the manner claimed." *In re Rouffet*, 149 F.3d 1350, 1357, 47 USPQ2d 1453, 1456 (Fed.Cir.1998). There is a genuine issue of material fact on this issue, *Ecolochem, Inc. v. Southern Cal. Edison Co.*, 227 F.3d 1361, 1375, 56 USPQ2d 1065, 1076 (Fed.Cir.2000), and we must vacate the summary judgment and remand for further proceedings.

■ 3. Inequitable conduct results from the withholding of material information from the patent examiner or the submission of false material information, with the intent to deceive or mislead the examiner into granting a patent. Both materiality and intent to deceive must be proven by clear and convincing evidence. *Upjohn Co. v. MOVA Pharm. Corp.*, 225 F.3d 1306, 1312, 56 USPQ2d 1286, 1291 (Fed. Cir.2000). While proffering subjective statements, North American has not cited any objective evidence that the applicant or his attorney intended to deceive the

Patent Office. Instead, it argues that intent can be inferred when knowledge and materiality are so strong. However, intent to deceive cannot be inferred solely from the fact that information was not disclosed; there must be a factual basis for so finding. *Hebert v. Lisle Corp.,* 99 F.3d 1109, 1116, 40 USPQ2d 1611, 1615 (Fed.Cir. 1996). Moreover, the district court's reliance on the fact that Star Brite distinguished the claims of the '598 patent from other prior art because it was air-dried, while not disclosing the MDR products which were air-drying coatings, to show intent to mislead was misplaced. A finding of deceptive intent cannot be based on mere inference or even gross negligence; there must be conduct that indicates sufficient culpability to compel such a finding. *Kingsdown Med. Consultants, Ltd. v. Hollister, Inc.,* 863 F.2d 867, 876, 9 USPQ2d 1384, 1392 (Fed.Cir.1988) (en banc). Therefore, the district court's ruling that the '598 patent is unenforceable for inequitable conduct is vacated.

4. The district court refused to allow Rubner's testimony in opposition to North American's motion for summary judgment because Star Brite failed to show that he had special expertise or knowledge different from the previously engaged expert. With respect to Manbeck, the court found that Star Brite identified him as a possible expert in January of 2000, but provided no expert report until July 12, 2000, nine days before the close of discovery. The court reasoned that North American was left with insufficient time to review the submitted report, depose the witness, and seek rebuttal testimony before the close of discovery on July 21, 2000, as allowed by L.R. N.D. Ga. 26.2. It also determined that Star Brite could not justify the untimely submission of Manbeck's expert report as required by L.R. N.D. Ga. 26.2. We see no abuse of discretion in the district court's exclusion of Rubner's expert opinion as cumulative and Manbeck's as untimely. *See Port Terminal & Warehousing Co. v. John S. James Co.,* 695 F.2d 1328, 1335 (11th Cir. 1983).

5. Based on our review of the record, we conclude that the district court did not abuse its discretion in sanctioning North American, by awarding Star Brite its expenses in prosecuting its motion to strike, pursuant to the court's inherent power. *See Thomas v. Tenneco Packaging Co.,* 293 F.3d 1306, 1319 (11th Cir.2002).